550 So.2d 521 (1989)
Melodie K. MOOREHEAD and Joan M. DiGregario, Appellants,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF PSYCHOLOGICAL EXAMINERS, Appellee.
No. 88-3233.
District Court of Appeal of Florida, First District.
October 13, 1989.
*522 Bruce Rogow of Bruce Rogow, P.A., Ft. Lauderdale, for appellants.
Allen R. Grossman, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Appellants, the petitioners below, appeal a final order of appellee Board of Psychological Examiners (Board) which rejected the hearing officer's conclusion and found that the doctoral psychology program of then unaccredited Union Graduate School in Ohio under which appellants each obtained a Ph.D. in psychology was not "comparable to" the programs of Florida's state universities pursuant to § 490.005(1), Fla. Stat. (1983). See Moorehead v. Department of Professional Regulation, 503 So.2d 1318 (Fla. 1st DCA 1987). Based upon this finding the Board denied appellants' application to sit for the Florida licensure exam. We agree with appellants' assertion that the Board erred in its interpretation of the statutory term "comparable to." The hearing officer determined as a finding of fact that the Union program was "comparable to" the programs of Florida's state universities, and the Board accepted this finding but concluded as a matter of law that "comparable to" as used in the statute means "equivalent" rather than "similar."
It is a fundamental tenet of statutory construction that words of common usage are accorded their plain and ordinary meaning. Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984). The term "comparable to" is not a technical term requiring the Board's expertise to interpret it. Instead, the term must be accorded its plain and ordinary meaning. Webster's Third New International Dictionary, unabridged, defines "comparable" as "1: capable of being compared: a: having enough like characteristics or qualities to make comparison appropriate ... b: permitting or inviting comparison often in one or two salient points ... 2: suitable for matching, coordinating, or contrasting: EQUIVALENT, SIMILAR." There is no basis for the Board's determination that "comparable" only means equivalent or the same. The Board accepted the finding of fact that the programs were comparable. Therefore, the Board erred in rejecting the hearing officer's conclusion of law that appellants had shown the Union doctoral program to be comparable to the doctoral psychology programs within Florida's state universities. The final order of the Board is reversed with directions that appellants be permitted to pursue licensure.
SMITH and MINER, JJ., concur.